## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

GUY Z. GRABNER,

      Plaintiff,

v.                                                      Case No. 06-C-389

RACINE COUNTY, Wisconsin and
DISTRICT ATTORNEY, Racine County, Wisconsin,

      Defendants,

## ORDER

Plaintiff Guy Z. Grabner, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on plaintiff's motion for leave to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He has been assessed and paid an initial partial filing fee of $7.54.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege: 1) that he were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (stating that there is no heightened pleading requirement for pro se prisoner civil rights complaints). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

Plaintiff is incarcerated at Dodge Correctional Institution. Defendants are Racine County and District Attorney. Plaintiff appears to be challenging his Racine County criminal conviction. He states: "File, speedy trial motion Nov 3 - 06. Defendant, was 23 day pased [sic] 90 days on both motion on Case 2005 CF 1333." (Compl. ¶ I.V.A.) For relief, he seeks $55,000 and the dismissal of Case 2005 CF 1333.

Plaintiff cannot bring this claim as a § 1983 action because he seeks a determination that he is entitled to a speedier release from prison as a result of the dismissal of Case 2005 CF 1333. It is well established that the sole federal remedy for one who challenges the fact or duration of his confinement by the state and seeks a determination that he is entitled to immediate or speedier release is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). It is also well established that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

3

> a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). It is apparent that plaintiff's conviction has not been overturned.

Although in some cases, courts may recharacterize a § 1983 complaint as a habeas petition, I cannot do so in this case. The complaint does not name the correct defendant for a habeas petition and thus the complaint is not amenable to conversion to a habeas petition. See Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005) (stating that when a complaint names the correct defendant and seeks the correct relief, the court may recharacterize a § 1983 complaint as a habeas petition).

Thus, I will dismiss this case without prejudice. "Without prejudice" means that plaintiff may refile his claim as a habeas corpus action under 28 U.S.C. § 2254, subject to the rules and limitations of those proceedings, including that he exhaust his state court remedies and that he comply with certain time limits. See 28 U.S.C. § 2254(b)(1). I must warn petitioner that he refiling his claim in a habeas corpus action will have certain consequences. Glaus, 408 F.3d at 388 (explaining that when conversion of a § 1983 complaint into a habeas petition is improper district courts should warn the prisoner that refiling under the proper label will probably have certain consequences). For example, prisoners are, for the most part, limited to bringing one habeas corpus petition. See Rule 9 of the Rules Governing § 2254 Cases. If the first petition is denied, second or successive petitions are not allowed except under very limited circumstances. See 28 U.S.C. § 2244(b)(2). Finally, to succeed on the merits the plaintiff must show that the state's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law,

4

as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## **ORDER**

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $242.46 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 14 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge